UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARVINAS OPERATIONS, INC., ARVINAS ANDROGEN RECEPTOR, INC., ARVINAS ESTROGEN RECEPTOR, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>YIMIN QIAN, ACCUTAR BIOTECHNOLOGY, INC.,<br><br>Defendants. | 3:22-CV-00717-RNC<br><br><br><br><br><br>FEBRUARY 1, 2024 |

## DISCOVERY ORDER

The parties have made substantial progress in working out their disagreements related to discovery and proposing a joint scheduling order for the Court's consideration. As part of the progress made, the parties have agreed to phased discovery, to allow for a first phase of discovery targeted toward the primary allegations of the case, namely trade secret misappropriation. The parties have been unable to agree as to Plaintiff's Requests for Production Nos. 9, 10, 14, and 16, which generally seek documents relating to and created by or on behalf of Arvinas that are in the possession or control of Defendants.

"When a party files a motion to compel, it bears the initial burden to show the relevance of the information it seeks." *Huseby, LLC v. Bailey*, No. 3:20-cv-167 (JBA)(TOF), 2021 WL 3206776, at *6 (D. Conn. July 29, 2021). "Information is 'relevant' if it '(a) has any tendency to

make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action.'" *Id.* (quoting Fed. R. Evid. 401 and citing *In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003)). "In the discovery phase of a case, 'this obviously broad rule is liberally construed.'" *Id.* (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)). If the moving party meets its burden to show relevance under these principles, "[t]he party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

Defendants maintain that while there is relevant information in response to these requests that would eventually be produced, the current focus should be on targeted discovery, which should not include these categories of documents, due to the expense.

Having reviewed the parties' briefing and upon further consideration of the representations made by the parties at the various conferences, the Court finds RFPs 9, 10, 14, and 16 to be relevant to the claims in this case. Moreover, the Court finds that the documents should be disclosed as part of this initial phase of targeted discovery in light of their relevance and potential bearing on the parties' relative settlement positions. The burden therefore shifts to Defendants to show a reason to deny discovery. They have not carried their burden, and their time for doing so has expired. To the extent Defendants are now claiming burden by raising to Plaintiff that a search has generated 18,000 "hits," there has been no actual showing to the Court of burden. "To resist relevant discovery on grounds of undue burden, a party must ordinarily demonstrate that burden with an affidavit or other proof." *Doe v. Wesleyan Univ.*, No. 3:19-cv-01519 (JBA)(TOF), 2021 WL 4704852, at *4 (D. Conn. Oct. 8, 2021); *see also Huminski v. Stop & Shop Supermarket Co.*, 3:16-cv-1136 (RNC)(DFM), 2017 WL 2779468 (D. Conn. June 27, 2017) (overruling burdensome objection where party failed to make a showing of actual burden) (collecting citations).

Accordingly, the Court grants Plaintiff's Motion with respect to Requests for Production Nos. 9, 10, 14, and 16, with the following time limitation: documents in Defendants' custody, possession, or control as of August 1, 2017 (one year before Defendants have represented that Accutar began recruiting Dr. Qian) to the present. All non-privileged responsive documents will be produced by February 22, 2024. If Defendants believe they have a basis for doing so, they may designate documents under the terms of the Protective Order (*see* ECF No. 59).

This is not a Recommended Ruling. This ruling and order is a "determination of [a] nondispositive motion[ ] . . . relating to discovery." D. Conn. L. Civ. R. 72(C)(2). As such, it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. It is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

SO ORDERED.

                                            */s/ Maria E. Garcia*
                                            Hon. Maria E. Garcia
                                       United States Magistrate Judge